

COMMONWEALTH OF MASSACHUSETTS

| | |
|---|---|
| WORCESTER, SS | WORCESTER SUPERIOR COURT<br>CIVIL DIVISION<br>DOCKET NO. **06-2588** |

RACHAEL ROBSON,
    Plaintiff,

V.       PLAINTIFF'S COMPLAINT

TOWN OF LEICESTER, and
PATRICIA DYKAS-GONET,
in her official and individual
capacity.
    Defendants,

FILED
DEC 2 2 2006
ATTEST: [signature]
CLERK

## PARTIES

1. The Plaintiff, is Rachael Robson, a resident of the Commonwealth of Massachusetts, with a mailing address of 77 Waite Street, Leicester, Massachusetts 01524. (hereinafter, "plaintiff")

2. The Defendant is Patricia Dykas-Gonet, a resident of the Commonwealth of Massachusetts, and an employee of the Town of Leicester, who is being sued in her individual and official capacity, with a mailing address of 3 Washburn Square, Leicester, Massachusetts 01524. (hereinafter, "defendant")

3. The Defendant is The Town of Leicester, a governmental entity of the Commonwealth with a mailing address of 3 Washburn Square, Leicester, Massachusetts 01524. (hereinafter, "defendant").

## STATEMENT OF FACTS

4. Plaintiff is the owner of three duly licenced dogs Toka (6), Callie(4), and Jedi (4), who resided in the Town of Leicester Massachusetts

5. To the best of plaintiff's knowledge and belief, none of her three dogs have ever bitten any person on any prior occasion.

6. On December 23, 2003, The Town of Leicester Animal Control Officer responded to an oral complaint of a neighbor of plaintiff at 97 Waite Street, who alleged that some or all of plaintiff's dogs jumped a five foot fence and attacked their dog.

7. Based upon this oral complaint, and pursuant to an unconstitutional custom or policy, defendants took forcible possession of all three of plaintiff dogs, without her prior knowledge and without a fair chance to evaluate the objective evidence, and with deliberate indifference to plaintiff's rights under the constitution, and the state and federal statutory rights and regulations.["A"]

8. On December 23, 2003, the alleged incident and complaint issued by the Town of Leicester, by and through it's agents, impounded and took forcible possession of my three dogs, without a fair chance to evaluate the objective evidence, and without an opportunity to contest the facts presented, and the public employee's conduct was carried out in bad faith and with callous indifference to plaintiff's constitutional and statutory rights.

9. A letter of Patricia Dykas-Gonet, ACO Leicester, to Rachael Robson of December 24 2003, indicated that her dogs had been impounded by reason of the alleged incident at 97 Waite Street on the evening of December 23, 2003, and was being held at $10.00 Dollars per day until a disposition can be reached.

10. There have been continuous prior allegations of violations of the Town Dog Control By-Law Regulations, which plaintiff contested and was not afforded a reasonable response or fair hearing as required under law, nonetheless December 23, 2003, alleged violation was listed by defendants as a fourth offense.

11. Plaintiff called Defendant Dykas-Gonet on December 24, 2003, concerning her dogs' impoundment, and she clearly stated that all three "prior oral allegations", contained in prior Complaint(s) for dog violations were not true and that this alleged event appeared untrue, and she demanded the return of her dogs until this was cleared up, and Ms. Dykas-Gonet told plaintiff that she would petition the Town to have all three of her dogs destroyed.

12. On December 23, 2003, and after, plaintiff discussed and contested the detailed allegations of (3) prior complaints, such as: the alleged violation for allowing a dog outside alone with 10 year old niece; and, an allegation of violation for having 4 dogs; and, allegation of violation for permitting one dog from running across a neighbor's lawn.[Ex. "B"]

13. Plaintiff communicated evidence of all three dogs' training, licensure, good nature, gentleness with children, and wanted to know much more about the details of December 23, 2003, at 97 Waite Street, and stated to Ms. Dykas-Gonet, in response to all prior Complaint's For Violation: that the 10 year old niece and dog were closely supervised; and, that she have never owned or kept 4 dogs at 77 Waite Street; and, that the allegation of one dog running across a neighbor's lawn, were not supported.

14. Plaintiff has never received a Summons or Notice of Hearing concerning any previously issued and contested Complaints For Violations, for prior incidents dating back to 2002, nor any written allegations or report(s) of facts in support of any prior issued Complaint(s) For Violation.

15. The dogs were impounded by defendants for over 20 days and plaintiff suffered economic and non-economic damages and loss as a result of defendants' unlawful conduct.

16  Plaintiff avers it was an arbitrary and capricious exercise of defendants' lawful duties, an abuse of discretion, and an reckless act deliberately indifferent to the rights of plaintiff to unilaterally seize and impound plaintiff's three dogs on December 23, 2003, her personal property, without notice and an opportunity to understand the evidence which form the basis of the allegations against her.

17. Plaintiff avers that defendant failed to supervise it's employees and agents concerning affording plaintiff adequate due process, abuse of process, and the impoundment of plaintiff's three dogs was executed by defendants with deliberate indifference to plaintiff's constitutional and statutory rights, and apparently done in retaliation for plaintiff's exercise of her lawful rights to own a dog, and reasonably contest numerous unsupported Complaints For Violation issued against her.

18. The arbitrary and capricious impounding and withholding of plaintiff's dogs, was carried with deliberate indifference to her clearly established constitutional rights, including her property rights and basic procedural and substantive due process rights under the state and federal constitution, and constitutes a violation of plaintiff's rights under 42 U.S.C. s. 1983.

## COUNT I
### (Failure to Supervise)

19. Plaintiff repeats and realleges the fact allegations contained in paragraphs 1 through 18.

20. Plaintiff contends that the actions and inactions of defendants' in connection with the impoundment of plaintiff's three dogs constitutes a failure to supervise governmental employees and was the proximate cause of plaintiff's injuries and loss.

WHEREFORE, Plaintiff demands judgement against Defendant, Town of Leicester, for failure to supervise its employees and agents and seeks, injunctive relief, compensatory damages, restitution, attorneys fees, costs of the action and any such other relief as the court may deem just and proper

## COUNT II
### (Conversion)

21. Plaintiff repeats and realleges the fact allegations contained in paragraphs 1 through 20.

22. Plaintiff alleges that defendants conduct of impoundment for over 20 days constitutes a conversion of plaintiff's personal property under common law.

23. Plaintiff alleges that defendants' converted the use and enjoyment of plaintiffs property, and is now unfairly and without proper authority, threatened to kill the dogs and used and kept her property inconsistent with and with deliberate indifference to her rights as an owner.

WHEREFORE, Plaintiff demands judgement against Defendants for conversion, and injunctive relief, compensatory damages, restitution, attorneys fees, costs of the action and any such other relief as the court may deem just and proper

## COUNT III
### (Violation of 42 U.S.C. s. 1983))

24. Plaintiff repeats and realleges the fact allegations contained in paragraphs 1 through 23.

25. The arbitrary and capricious impounding and withholding of plaintiff's dogs, was carried with deliberate indifference to her clearly established constitutional rights, including her property rights and basic procedural and substantive due process rights under the state and federal constitution, and constitutes a violation of plaintiff's rights under 42 U.S.C. s. 1983.

## COUNT IV
### (Fraud)

26. Plaintiff repeats and realleges the fact allegations contained in paragraphs 1 through 25.

27. Defendant intentionally and knowingly made a false statement of material of fact(s) to plaintiff, and intended to deceive plaintiff and have her act, which plaintiff reasonably relied upon to her great detriment and loss, and as a direct and proximate result of defendant's fraud, deceit and fraud in the inducement, plaintiff was caused to suffer great loss and damages

28. Defendant represented that the December 23, 2003, violation was a fourth offense, and to the extent that this fact caused the dogs impoundment, that allegation was false, and caused a fraudulent misappropriation of property

WHEREFORE, plaintiff demands judgement against defendant for fraudulent misappropriation of property, and seeks punitive damages, attorneys fees, compensatory damages and any other damages and relief, including injunctive relief, that this court deems just and proper.

## COUNT V
### (Violation of M.G.L.A. c. 12 s.11H and 11I)

29. Plaintiff repeats and realleges the fact allegations contained in paragraphs 1 through 28.

30. Plaintiff makes a claim against defendants under the Massachusetts state civil rights statute M.G.L.A. c. 12 s.11H and I, and sets forth proof that her exercise and enjoyment of rights secured by the constitution, [i.e. property rights and due process rights], were interfered with or have attempted to be interfered with by defendants and that the interference or attempted interference, including the demand for unauthorized payment of monies under threat of death to her dogs, was carried out by means of threats intimidation and coercion.

WHEREFORE, plaintiff seeks judgement against defendants for violation of M.G.L.A. c.12 s.11H and I, for violation of plaintiff's civil rights, and for the defendants' interference with plaintiff's exercise and enjoyment of her rights under the Constitution and statutory law, and seeks punitive damages, attorneys fees, compensatory damages and any other damages and relief, including injunctive relief, that this court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff requests a jury trial on all issues so triable pursuant to Mass. R. Civ. P. Rule 38(a).

Respectfully submitted,

David E. Ashworth, Esq.
11 Pleasant Street
Worcester, MA 01609
(508) 753 9199
BBO# 549850

A true copy by photostatic process
Attest:
Asst. Clerk

3/26

## COMMONWEALTH OF MASSACHUSETTS

**FILED**

Worcester, ss

MAR 2 6 2007

ATTEST: _[signature]_ CLERK

Superior Court
Civil Action No. 06-2588-A

| | |
|---|---|
| Rachael Robson, | ) MOTION TO APPOINT |
| | ) SPECIAL PROCESS SERVER |
| **Plaintiff(s)** | ) UNDER RULE 4C OF THE |
| v. | ) MASSACHUSETTS AND |
| | ) RULES OF CIVIL PROCEDURE |
| Town of Leicester and | |
| Patricia Dykas-Gonet, | ) |
| **Defendant(s)** | ) |

The Plaintiff moves this Honorable Court to appoint FRANCIS J. TRAPASSO AND/OR HIS/HER AGENTS, a Constable and a qualified and knowledgeable person in the service of court process and not a party to the action to be specially appointed by the court to serve the process in this action under the provision of Rule 4C of the Massachusetts and Federal Rules of the civil procedure in order to assure a substantial savings in time.

By its Attorney:

_[signature]_
David E. Ashworth, Esq.
11 Pleasant Street
Worcester, MA 01609

ORDER OF THE COURT APPOINTING A SPECIAL PROCESS SERVER PURSUANT TO RULE 4C, IT IS ORDERED THAT FRANCIS J. TRAPASSO AND/OR HIS/HER AGENTS IS HEREBY APPOINTED A SPECIAL PROCESS SERVER FOR THE ABOVE CAPTIONED CAUSE.

3/26/07
allowed _[signature]_
_[signature]_
Asst Clerk

By _[signature]_
Title Mary F. Shanford Asst Clerk
Court: Worcester Superior Court
Date March 26, 2007

A true copy by photostatic process
Attest: _[signature]_
Asst. Clerk

# COMMONWEALTH OF MASSACHUSETTS

Worcester, ss.

**FILED**
MAR 26 2007
ATTEST: [signature] CLERK

Superior Court
Department of the Trial Court
of the Commonwealth
Civil Action

No. 06-2588-A

Rachael Robson

                Plaintiff(s)

v.

Town of Leicester and
Patricia Dykas-Gonet, in her
official and individual capacity    Defendant(s)

## SUMMONS

To the above-named Defendant: Town of Leicester, 3 Washburn Square, Leciester

You are hereby summoned and required to serve upon David E. Ashworth, Esq. whose address is 11 Pleasant Street, Worcester, MA 01609 plaintiff's attorney, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the SUPERIOR COURT Department of the Trial Court at WORCESTER either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counter-claim any claim which you may have against the plaintiff which arises out of the transaction of occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse, Esquire, at Worcester, the 26th day of March in the year of our Lord two thousand and 2007

A true copy by photostatic process
Attest: [signature]
Asst. Clerk

[signature] Clerk

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to that particular defendant.

PLEASE CIRCLE TYPE OF ACTION INVOLVED: TORT — MOTOR VEHICLE TORT — CONTRACT EQUITABLE RELIEF — CH. 93A — MEDICAL MALPRACTICE — OTHER.

NOTICE TO DEFENDANT. You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein AND also file the original in the Clerk's Office, Superior Court, Room 21.

Worcester, SS          PROOF OF SERVICE OF PROCESS          March 26th, 2007

I hereby certify and return that on ..... March 26th, 2007 ..........................................
20............, I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P 4(d) (1-5):

By giving in hand to Susan Lechasseur, Administrative Assistant, Agent and Person in charge of it's business at the time of service.

To wit:  Town Clerks Office, 3 Washburn Square, in said Leicester, MA
Time of service:  2:05 P.M.
Service & Travel: $75.00
* Served together with Statement of Damages and Tracking Order.
Dated: ........ March 26TH, .........., 20 07

*Barbara Stacy Smith*
Barbara Stacy Smith, Constable and
Disinterested Person

**N.B. TO PROCESS SERVER:**

PLEASE PLACE **DATE** YOU MAKE SERVICE ON DEFENDANT IN THIS BOX
**ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.**

March 26TH , 2007

COMMONWEALTH OF MASSACHUSETTS
Worcester, ss.
Superior Court
Civil Action
No.
..................Plaintiff
..................Defendant
SUMMONS
(Mass. R. Civ. P. 4)

A true copy by photostatic process
Attest:
Asst. Clerk

# COMMONWEALTH OF MASSACHUSETTS

Worcester, ss.

Superior Court
Department of the Trial Court
of the Commonwealth
Civil Action

**FILED**

MAR 26 2007

ATTEST: _____ CLERK

No. 06-2588-A

Rachael Robson

Plaintiff(s)

v.

Town of Leciester and Patricia
Dykas-Gonet, in her official and
individual capacity

Defendant(s)

**SUMMONS**

* To the above-named Defendant: Patricia Dykas-Gonet

You are hereby summoned and required to serve upon Davie E. Ashworth, Esq. whose address is 11 Pleasant Street, Worcester, MA 01609 plaintiff's attorney, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the SUPERIOR COURT Department of the Trial Court at WORCESTER either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counter-claim any claim which you may have against the plaintiff which arises out of the transaction of occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse, Esquire, at Worcester, the 26th day of March in the year of our Lord two thousand and 2007.

A true copy by photostatic process
Attest: _____
Asst. Clerk

_____
Clerk

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to that particular defendant.

PLEASE CIRCLE TYPE OF ACTION INVOLVED: TORT — MOTOR VEHICLE TORT — CONTRACT EQUITABLE RELIEF — CH. 93A — MEDICAL MALPRACTICE — OTHER.

* NOTICE TO DEFENDANT: You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein AND also file the original in the Clerk's Office, Superior Court, Room 21.

Worcester, SS.          **PROOF OF SERVICE OF PROCESS**   March 26th, 2007

I hereby certify and return that on March 26th, 20 07, I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P 4(d) (1-5):

By leaving at her last known and usual place of Business with her Adm. Assistant, Susan Lechasseur, to wit: Town Clerks Office, to wit: 3 Washburn Square in said Leicester, MA.

Time of service: 2:05 p.m.
Service & Travel: $75.00***
*served together with Statement of Damages and Tracking Order.

Dated: March 26th, 2007, 20

*Barbara Stacy Smith*
Barbara Stacy Smith, Constable and Disinterested Person

**N.B. TO PROCESS SERVER:**

PLEASE PLACE **DATE** YOU MAKE SERVICE ON DEFENDANT IN THIS BOX
**ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.**

March 26th, 2007 , 20X

COMMONWEALTH OF MASSACHUSETTS
Worcester, ss.
Superior Court
Civil Action
No.
Plaintiff
v.
Defendant
SUMMONS
(Mass. R. Civ. P. 4)

A true copy by photostatic process
Attest:
Asst. Clerk

# COMMONWEALTH OF MASSACHUSETTS

Worcester, ss.

**FILED**

MAR 26 2007

ATTEST: _____ CLERK

Superior Court
Department of the Trial Court
of the Commonwealth
Civil Action

No. 06-2588-A

Rachael Robson
            Plaintiff(s)

v.

Town of Leicester and
Patricia Dykas-Gonet, in her
official and individual
capacity
            Defendant(s)

## SUMMONS

✳ To the above-named Defendant: Board of Selectman, 3 Washburn Square, Leicester

You are hereby summoned and required to serve upon David E. Ashworth, Esq. whose address is 11 Pleasant Street, Worcester, MA 01609 plaintiff's attorney, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the SUPERIOR COURT Department of the Trial Court at WORCESTER either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counter-claim any claim which you may have against the plaintiff which arises out of the transaction of occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness. Barbara J. Rouse, Esquire, at Worcester, the 26th day of March in the year of our Lord two thousand and 2007.

A true copy by photostatic process
Attest: _____
Asst. Clerk

_____ Clerk

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to that particular defendant.

PLEASE CIRCLE TYPE OF ACTION INVOLVED: TORT — MOTOR VEHICLE TORT — CONTRACT EQUITABLE RELIEF — CH. 93A — MEDICAL MALPRACTICE — OTHER.

✳ NOTICE TO DEFENDANT: You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein AND also file the original in the Clerk's Office, Superior Court, Room 21.

Worcester, SS                                                                March 26th, 2007

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ...... March 26Th, 2006 ................................................

20............, I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P 4(d) (1-5):

By giving in hand to Susan Lechasseur, Administrative Assistant, Agent and Person in charge of it's business at the time of service.

To wit: Town Clerks Office, 3 Washburn Sq., in said Leicester, MA

Time of service: 2:08 P.M.

Service & Travel: $75.00

\* Served together with Statement of Damages and Tracking Order.

Dated: ................... March 26TH, 20 07 .................

*Barbara Stacy Smith*

Barbara Stacy Smith, Constable and Disinterested Person

**N.B. TO PROCESS SERVER:**

PLEASE PLACE **DATE** YOU MAKE SERVICE ON DEFENDANT IN THIS BOX **ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.**

| March 26TH , 2007 |
|---|

COMMONWEALTH OF MASSACHUSETTS
Worcester, ss.

Superior Court
Civil Action
No. _____

_____ Plaintiff

v.

_____ Defendant

SUMMONS
(Mass. R. Civ. P. 4)

A true copy by photostatic proces
Attest:
Asst. Clerk

| COVER SHEET | 06-2588 A | Superior Court Department |
|---|---|---|
| | | County: Worcester |

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| Rachael Robson | Town of Leicester, and Patricia Dykas-Gonet |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE | ATTORNEY (If known) |
| David Ashworth, Esq. | |
| 11 Pleasant St. Wor, MA 01609 | |
| Board of Bar Overseers number: 549850   (508)753-9199 | |

### Origin code and track designation

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| E03 | Misc. | ( A ) | (X) Yes   ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses . . . . . . . . . . . . . . . . . . $. . . . . . . . . .
2. Total Doctor expenses . . . . . . . . . . . . . . . . . . . $. . . . . . . . . .
3. Total chiropractic expenses . . . . . . . . . . . . . . . $. . . . . . . . . .
4. Total physical therapy expenses . . . . . . . . . . . $. . . . . . . . . .
5. Total other expenses (describe) . . . . . . . . . . . . $ 16,900.00
   Subtotal $ . . . . . . . . . .
B. Documented lost wages and compensation to date . . . . . $. . . . . . . . . .
C. Documented property damages to date . . . . . . . . . . . . . $. . . . . . . . . .
D. Reasonably anticipated future medical and hospital expenses . . $. . . . . . . . . .
E. Reasonably anticipated lost wages . . . . . . . . . . . . . . . . . $. . . . . . . . . .
F. Other documented items of damages (describe)
   $. . . . . . . . . .
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
   Attorneys fees, Town fees, emotional distress, Relocation costs.

TOTAL $ 16,900.00

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

TOTAL $ . . . . . . . . . . . .

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with Information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____

A true copy by photostatic process   DATE: 12-22-03
Attest: _____
Asst. Clerk

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

Case 4:07-cv-40109-FDS   Document 2   Filed 04/19/07   Page 14 of 19

FILED

MAR 26 2007

ATTEST: [signature] CLERK

COMMONWEALTH OF MASSACHUSETTS

WORCESTER, SS                                           WORCESTER SUPERIOR COURT
                                                        CIVIL DIVISION
                                                        DOCKET NO. 06-2588-A

RACHAEL ROBSON,            )
           Plaintiff,      )
                           )
                           )
                           )
V.                         )
                           )
TOWN OF LEICESTER, and     )
PATRICIA DYKAS-GONET,      )
in her official and individual )
capacity.                  )
           Defendants,     )

### PLAINTIFF'S EMERGENCY MOTION TO ENLARGE
### TIME FOR SERVICE OF PROCESS

Now comes plaintiff Rachel Robson in the above captioned matter and moves this honorable court pursuant to the provisions of Mass. R. Civ. P. 6(b), for good cause to enlarge the time for service of process under Mass. R. Civ. P. Rule 4(j). Plaintiff's counsel avers that he learned on March 26, 2007, at approximately 4:15 p.m., that he had inadvertently received the tracking order to a different case, with an almost identical docket number and docketed the deadline for service for March 26, 2007, and served that tracking order upon defendants in accordance with Rule 4(j), on that day. Plaintiff's counsel then received a telephone call from the Town of Leicester informing him that the tracking order received listed a different docket number. Upon obtaining the proper tracking order, counsel learned that the return of service date was March 22, 2007. The deadline in the tracking order received by counsel was inadvertently

relied upon, and caused plaintiff not to take action before March 26, 2007, when the deadline was due, constitutes excusable neglect under the circumstances. Plaintiff seeks an enlargement of time, to March 28, 2007, to correct and complete service of process.

WHEREFORE, plaintiff seeks leave of court to file this emergency motion under Superior Court Rule 9A(e), to enlarge time for service of process for good cause under Mass. R. Civ. P. 6(b), and Mass. R. Civ. P. 4(j),

Respectfully submitted,

_____
David E. Ashworth, Esq.
11 Pleasant Street
Worcester, MA 01609
(508) 753 9199
BBO# 549850

COMMONWEALTH OF MASSACHUSETTS

WORCESTER, SS         WORCESTER SUPERIOR COURT
                  CIVIL DIVISION
                  DOCKET NO. 06-2588-A

RACHAEL ROBSON,    )
  Plaintiff,        )
             )
             )
V.              )
             )
TOWN OF LEICESTER, and  )
PATRICIA DYKAS-GONET,  )
in her official and individual   )
capacity.           )
  Defendants,       )

## PLAINTIFF'S AFFIDAVIT IN SUPPORT OF EMERGENCY
## MOTION TO ENLARGE TIME FOR SERVICE OF PROCESS

1. Plaintiff's counsel avers at the commencement of the action, he inadvertently received the tracking order to a different case, with an almost identical docket number and docketed the deadline for service for March 26, 2007, and served that tracking order upon defendants in accordance with Rule 4(j), on that day.(Ex. "A")

2. After service and return on March 26, 2007, plaintiff's counsel received a telephone call from the Town of Leicester informing him that the tracking order received listed a different docket number, and that two pages were missing from one of the complaints.

3. Upon obtaining the proper tracking order, counsel learned that the return of service date was March 22, 2007. (Ex. "B") Counsel telefaxed a copy of the correct tracking Order and complete complaint to Town Counsel Joseph Cove, Esq., in Uxbridge, Massachusetts.

4. The complaint was served upon defendants and returned on March 26, 2007.

5. Plaintiff files this motion to obtain an enlargement of time, for good cause, under the circumstances that the tracking order received was relied upon in good faith by counsel after receiving a cover page or other page which identified the case at bar, and counsel's four day discrepancy under the circumstances constitutes excusable neglect given the unique cause of the delay.

6. Plaintiff seeks an enlargement of time for service of process for good cause in that then four day delay was the result of excusable neglect and there has been no prejudice or inconvenience to defendants.

Signed under the pains and penalties of perjury tis 27th day of March, 2007.

_____
David E. Ashworth, Esq.

Commonwealth of Massachusetts
County of Worcester
The Superior Court

"A"

CIVIL DOCKET# **WOCV2006-02589-B**

RE: **Black v Gemme**

TO: Meletios D Chacharone, Esquire
Glickman Sugarman Kneeland & Gribouski
11 Harvard Street
PO Box 2917
Worcester, MA 01613-2917

## TRACKING ORDER - X TRACK

You are hereby notified that this case is on the **accelerated (X) track** as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | DEADLINE |
| --- | --- |
| Service of process made and return filed with the Court | 03/26/2007 |
| Response to the complaint filed (also see MRCP 12) | 05/25/2007 |
| Firm trial date set | 06/24/2007 |
| Case disposed | 07/24/2007 |

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to session B sitting in **Rm 18 (Session B) at Worcester Superior Court.**

**Dated: 12/26/2006**

Francis A. Ford
Clerk of the Courts
BY: Denise D. Foley
Assistant Clerk

**Location: Rm 18 (Session B)**
**Telephone: 508-770-1899, Ext. 129 or Ext. 108 (Session Clerk)**

Check website as to status of case: http://ma-trialcourts.org/tcic

# Commonwealth of Massachusetts
## County of Worcester
### The Superior Court



CIVIL DOCKET# WOCV2006-02588-A

RE:  Robson v Leicester et al

TO: David E Ashworth, Esquire
    11 Pleasant Street
    Worcester, MA 01609

## TRACKING ORDER - A TRACK

You are hereby notified that this case is on the average (A) track as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | DEADLINE |
|---|---|
| Service of process made and return filed with the Court | 03/22/2007 |
| Response to the complaint filed (also see MRCP 12) | 05/21/2007 |
| All motions under MRCP 12, 19, and 20 filed | 05/21/2007 |
| All motions under MRCP 15 filed | 03/16/2008 |
| All discovery requests and depositions completed | 02/09/2009 |
| All motions under MRCP 56 served and heard | 04/10/2009 |
| Final pre-trial conference held and firm trial date set | 08/08/2009 |
| Case disposed | 12/21/2009 |

The final pre-trial deadline is **not the scheduled date of the conference**. You will be notified of that date at a later time.
**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to session A sitting **in Rm 12 (Session A), Worcester Superior Court.**

Dated: 12/26/2006

Francis A. Ford
Clerk of the Courts
BY: Joanne C. Herring
Assistant Clerk

Location: Rm 12 (Session A)
Telephone: 508-770-1899, Ext. 122 or Ext. 121 (Session Clerk)

Check website for status of case: http://ma-trialcourts.org/tcic